## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **8:05CR232** |
| | ) | |
| vs. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| KARL GRINBERGS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion to suppress filed by the defendant Karl Grinbergs (Grinbergs) (Filing No. 16).  Grinbergs is charged in a one-count indictment with knowingly possessing one or more computer files and other matter which contained child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).  Grinbergs seeks to suppress all physical evidence obtained as a result of the search of Grinbergs's home authorized by a December 14, 2004 warrant issued by the undersigned magistrate judge.

On September 20, 2005, the court held an evidentiary hearing on the motion.  No witnesses testified during the hearing, though the court received into evidence a copy of the challenged December 14, 2004 search warrant (Exhibit 1).  **See** Filing No. 20.  The redacted transcript of the hearing was filed on September 29, 2005 (TR.).  **See** Filing No. 24.  Grinbergs filed a brief (Filing No. 17) in support of his motion.  The government filed a brief in opposition to the motion (Filing No. 19).

### FINDINGS OF FACT

On December 14, 2004, the undersigned magistrate judge issued a search warrant (the Warrant) for the single family residence at 2130 Jackson Street (Grinbergs's residence) located in Blair, Nebraska.  Exhibit 1.  The Warrant authorized law enforcement officers to execute a search of Grinbergs's residence at any time during the day on or before December 17, 2004.  **Id.**  The Warrant's Attachment A describes Grinbergs's residence in detail.  **Id.**  The Warrant's Attachment B describes the specific items law enforcement officers were

authorized to seize during their search of Grinbergs's residence. *Id.* Also attached to the Warrant is the December 14, 2004 Application and Affidavit for Search Warrant executed by affiant Scott McMillion, a Special Agent (Special Agent McMillion) with the Federal Bureau of Investigation (FBI). *Id.*

## ANALYSIS

Grinbergs moves the court to suppress evidence obtained as a result of a search authorized by the challenged Warrant. Grinbergs argues the affidavit executed by Special Agent McMillion did not contain sufficient facts to justify a finding of probable cause to believe that evidence of a crime would be located within Grinbergs's residence. Specifically, Grinbergs argues the affidavit failed to establish that the alleged illegal images were sent by a computer located at Grinbergs's residence. Grinbergs further argues the fact that Grinbergs's residence was the billing address for the Internet protocol address does not indicate computers with illegal images would be found at the billing address. Finally, the defendant argues the alleged transmission of illegal images on September 23, 2004, was too remote in time to be considered relevant to the judicial determination of whether probable cause to search existed on December 14, 2004. The government contends Grinbergs's arguments are meritless in light of the case law presuming the validity of a search warrant executed by a neutral and detached judicial officer.

As the United States Supreme Court stated in *Illinois v. Gates*, 462 U.S. 213, 238 (1983): "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238. Thus, when viewing a search warrant, the court must look at the totality of the circumstances set forth in the affidavit. **See** *id.*; *United States v. Etheridge*, 165 F.3d 655, 656 (8th Cir. 1999).

> The duty of the judge issuing a search warrant is to make a 'practical, common-sense decision' whether, considering all the circumstances, a reasonable person could have reason to

2

> suspect that evidence would be discovered. [*Gates*, 462 U.S. at
> 238.]  Probable cause is a fair probability that contraband or
> evidence of a crime will be found in the location to be searched.

*United States v. LaMorie*, 100 F.3d 547, 552 (8th Cir. 1996).  The United States Court of

Appeals for the Eighth Circuit has explained the issuing magistrate's obligation as follows:

> The task of the issuing magistrate is to make "a practical,
> common-sense decision whether, given all the circumstances set
> forth in the affidavit before him, including the 'veracity' and 'basis
> of knowledge' of persons supplying hearsay information, there is
> a fair probability that contraband or evidence of a crime will be
> found in a particular place.  And the duty of a reviewing court is
> simply to ensure that the magistrate had a substantial basis for
> . . . concluding that probable cause existed." [*Gates*, 462 U.S. at
> 238.]   When the magistrate relied solely on the affidavit
> presented to him, "only that information which is found within the
> four corners of the affidavit may be considered in determining the
> existence of probable cause." *United States v. Leichtling*, 684
> F.2d 553, 555 (8th Cir. 1982). . . .  Affidavits must be read in "a
> common-sense and realistic fashion," *United States v.
> Cadwell*, 864 F.2d 71, 74 (8th Cir. 1988), **citing** *United States
> v. Ventresca*, 380 U.S. 102, 108 . . . (1965).  "Deference is
> accorded an issuing magistrate's probable cause determination
> . . ." *United States v. Brown*, 584 F.2d 252, 256 (8th Cir.
> 1978). . . .

*United States v. Gladney*, 48 F.3d 309, 312 (8th Cir. 1995).

In the instant case, the affidavit and application are sufficient to support the finding of

probable cause by the issuing judicial officer.  Special Agent McMillion was investigating a

criminal act of sending child pornography in interstate commerce committed on or about

September 23, 2004 at approximate 1:29 Eastern Standard Time (the September 23, 2004

crime).  Exhibit 1.  The affidavit in support of the search warrant application outlines for the

judicial officer the separate investigatory acts undertaken by the FBI to determine the identity

of the individual who committed the September 23, 2004 crime.  *Id.*  The FBI finally obtained

the name and address of Grinbergs as the Internet user/subscriber who had utilized the

Internet protocol address used to commit the September 23, 2004 crime.  *Id.*  The affiant

testified that it was his experience that "persons who collect this type of sexually explicit

material almost always maintain and possess their material . . . in the privacy and security of

their homes and other secure locations.  It is also known that persons who collect this type of sexually explicit material retain the material for many years."  **Id.**  Grinbergs did not argue that any of the information in the affidavit was false.

The undersigned magistrate judge concludes that, even though the crime occurred on September 23, 2004, the truthful facts that (i) persons who collect sexually explicit material maintain such material in their homes to insure the security of such materials, and (ii) such persons typically retain such materials for many years, allowed the issuing judicial officer to determine that on December 14, 2004, Special Agent McMillion's affidavit's demonstrated that there was "a fair probability that contraband or evidence of a crime will be found in a particular place."  **Gates**, 462 U.S. at 238; **see also United States v. Horn**, 187 F.3d 781, 786 (8th Cir. 1999) (holding "there is no formula for determining when information has become stale" and acknowledging that staleness depends upon the nature of the crime being investigated).  This conclusion is consistent with the Eighth Circuit Court of Appeals holding in **United States v. Chrobak**, 289 F.3d 1043 (8th Cir. 2002).  In **Chrobak**, the court upheld a magistrate judge's determination that there was probable cause sufficient to issue a warrant even though the child pornography posting under investigation occurred three months before the alleged search.  **Id.** at 1046.  The court relied upon the affiant's representation that "child pornographers generally retain their pornography for extended periods" and "pedphiles maintain their child pornography in a secure place," such as the pedophile's own home.  **Id.**

Furthermore, contrary to Grinbergs's argument, the affidavit is not insufficient because the billing address for the user of the Internet protocol address that posted the illegal images may not have been the physical location for the computer from which the illegal image was posted.  To issue a search warrant, the judicial officer need only find a fair probability that evidence of a crime will be found at the place to be searched, not that every instrument used in committing the crime would be found at the place to be searched.  In other words, Grinbergs's residence did not need to be the location of the computer with the illegal images stored on it to justify the search warrant, because the information set forth in Special Agent McMillion's affidavit made it possible for the judicial officer to infer that evidence of the identity

of the person who used the Internet protocol address to post the illegal images could be found at Grinbergs's residence.

Upon consideration,

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:** defendant Karl Grinbergs's motion to suppress (Filing No. 16) be denied.

## ADMONITION

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 17th day of October, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge