IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                        )<br>Plaintiff,    )<br>                                        )<br>v.    )<br>                                        )<br>KARL GRINBERGS,    )<br>                                        )<br>Defendant.    )<br>_____)| 8:05CR232<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on defendant Karl Grinberg's objection, Filing No. 26, to the report and recommendation ("R&R") of the United States Magistrate Judge ("Magistrate"), Filing No. 25, regarding defendant's motion to suppress, Filing No. 16. Defendant is charged with one count of possessing one or more computer files and other matter which contained an image of child pornography in violation of 18 U.S.C. § 2256 and § 2252(a)(4)(B). Filing No. 1. The defendant filed a motion to suppress, and the magistrate recommended that the defendant's motion be denied. The defendant objects to the recommendations of the magistrate.

      Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a de novo determination of those portions of the R&R to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has reviewed the entire record including the transcript of the hearing held on September 20, 2005, Filing Nos. 22 and 24 ("Tr."), and the relevant case law. The court concludes that the magistrate's report and recommendation should be adopted in its entirety.

      The Magistrate issued a search warrant for the defendant's residence at 2130 Jackson Street, Blair, Nebraska. Ex. 1. The application for the warrant stated that on September 23, 2004, a Yahoo Internet user with the screen name of "pumpkin_girl_16"

transmitted multiple images that depicted sexual conduct by minors. The affidavit in support, supplied by Agent Scott McMillion, also indicated that the Federal Bureau of Investigation had identified the Internet protocol (IP) address of 209.74.46 as that of Internet screen name "pumkin_girl_16" with defendant's home address at 2130 Jackson Street, Blair, Nebraska. Ex. 1, Attachment C.

Defendant moved to suppress the search warrant. The Magistrate denied the motion. The defendant objects contending that (1) the facts set forth in the affidavit did not constitute probable cause to believe that evidence of a crime would be located at the place to be searched; and (2) the alleged transmission of sexually explicit material on September 23, 2004, is stale information since the warrant did not issue until December 14, 2004. The court finds the Magistrate is correct in his analysis of this case.

There is no specific formula for the court to use in determining when information becomes stale. *United States v. Koelling*, 992 F.2d 817, 822 (8th Cir. 1993). The Eighth Circuit has clearly stated that, depending on the circumstances, a three-month delay in time from the establishment of a crime dealing with computer pornography to the time of the search is reasonable. *United States v. Horn*, 187 F.3d 781, 786 (8th Cir. 1999); *United States v. Chrobak*, 289 F.3d 1043, 1046 (8th Cir. 2002). Agent's McMillion's affidavit states that in his experience pedophiles maintain their child pornography for long periods of time and in safe places, such as a computer in a residence. Ex. 1, Attachment C. He further stated that on November 16, 2004, the FBI served an administrative subpoena on Yahoo!Inc., and on November 19, 2004, the FBI analyzed the database and reference files. *Id*. The FBI also served an administrative subpoena on Huntel.Net. *Id*. The subscriber name was then tied to Timothy Grinbergs. *Id*. On December 13, 2004, the FBI determined the residence address of the defendant as 2130 Jackson Street, Blair Nebraska. *Id*. Thereafter, the FBI

requested the search warrant.  The court has carefully reviewed the law and Exhibit 1 with its attachments.  The court concludes that the time delay between the crime and issuance of the search warrant is reasonable under the circumstances and overrules defendant's objection that the warrant is stale.

With regard to the defendant's contention that probable cause did not exist to support a claim that a crime would be located at the place to be searched, the court finds otherwise. "Probable cause means a 'fair probability that . . . evidence of a crime will be found in a particular place.' *Id.* at 785 (quoting *Illinois v. Gates,* 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed.2d 527 (1983))." *Chrobak*, 289 F.3d at1046.  Agent McMillion established a sufficient relationship between the defendant and the Internet site and a link to defendant's home address.  Ex. 1, Attachment C.  The court finds there existed probable cause with a fair degree of probability that evidence of a crime would be found at defendant's house.  *United States v. Gleich,* 397 F.3d 608, 612 (8th Cir. 2005).  *United States v. Oropesa*, 316 F.3d 762, 768 (8th Cir. 2003).  Accordingly, defendant's objection on this basis is overruled.

IT IS ORDERED:

1. Defendant's motion to suppress, Filing No. 16, is denied.

2. Defendant's objections to the findings of the magistrate, Filing No. 26, are overruled.

3. The report and recommendation of the magistrate, Filing No. 25, is adopted.

DATED this 10th day of November, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge